IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-00390-CYC

HAHSLIN NAOMI HERNÁNDEZ DE LA CRÚZ,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of Denver Contract Detention Facility in Aurora, Colorado;
ROBERT HAGAN, in his official capacity as Acting Field Office Director of Denver, Colorado Field Office of Enforcement And Removal Operations, Immigration And Customs Enforcement;
KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security;
TODD LYONS in his official capacity as Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement;
PAMELA BONDI, in her official capacity as U.S. Attorney General; and
DAREN MARGOLIN, in his official capacity as Director, Executive Office for Immigration Review,

      Respondents.

---

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Hahslin Naomi Hernández De La Crúz, a detainee at the Denver Contract Detention Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly subjecting her to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF Nos. 1 and 11 (the "Petition"). Instead, she says, 8 U.S.C. § 1226(a) governs her detention vel non. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court grants in part the Petition.

## BACKGROUND

This case is one of numerous cases in this District and across the country seeking

1

habeas relief for immigrants detained within the United States under a new interpretation of 8

U.S.C. §§ 1225, 1226. *E.g., Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL

290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025

WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025

WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar,* No. 25-cv-03017-GPG-

TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-

03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). The petitioner seeks release. ECF

No. 1 at 16, 20–21.

The petitioner, a citizen of El Salvador, has lived in the United States since she entered

without inspection in 2021. ECF No. 1 at 2, 4. As a result, she had been present in the United

States for years before she was encountered by Immigration and Customs Enforcement ("ICE")

officers on December 1, 2025, after checking-in with ICE in Baltimore, Maryland as part of her

on-going immigration proceedings. *Id*. at 4; ECF No. 1-2 at 3. The petitioner argues that she

should be released but also notes that she "has a bond sponsor willing to sponsor" her, ECF No.

1 at 6, and includes an affidavit from that sponsor. ECF No. 1-2 at 16–17. The petitioner

maintains that 8 U.S.C. § 1226 governs her detention and that the respondents' detention of her

allegedly under 8 U.S.C. § 1225(b)(2) violates her constitutional rights. ECF No. 1 at 6–12. In

addition, she states that she has no criminal record, *id*. at 6, and the respondents do not offer any

evidence of a criminal history that requires mandatory detention. *See* 8 U.S.C. § 1226(c). Instead,

they maintain that she is detained pursuant to 8 U.S.C. § 1225(b). ECF No. 12 at 2–4.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates she is

"in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241.

This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

To meet that burden, the petitioner argues that 8 U.S.C. § 1226(a) applies to her, "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination), and that her continued detention premised on 8 U.S.C. § 1225(b)(2)(A) violates her due process rights and the Immigration and Nationality Act. ECF No. 1 at 4–13, 16–20. The Court has previously resolved this legal question in favor of a similarly situated petitioner. *Jimenez Facio*, 2025 WL 3559128, at *1–4. The respondents recognize this, but "respectfully disagree with that ruling." ECF No. 12 at 2. The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases and incorporates its analysis from *Jimenez Facio*. 2025 WL 3559128, at *1–4. To the extent the respondents contend that the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, --- F. 4th ----, 2026 WL 323330, at *5–10 (5th Cir. Feb. 6, 2026), makes a difference, *see* ECF No. 12 at 2–3, Judge Sweeney's thorough rebuttal of that divided decision provides a solid foundation to maintain the consensus that exists in this District. *See Singh v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 352870, at *3–6 (D. Colo. Feb. 9, 2026). Accordingly, the Court finds that the petitioner is detained pursuant to 8 U.S.C. § 1226, and her continued detention is therefore a violation of due process.

While the petitioner requests release, she also recognizes that 8 U.S.C. § 1226(a) "authorizes discretionary custody and release on bond," ECF No. 1 at 12, and that for "decades"

prior to respondents' recent reinterpretation of the law, "noncitizens who were not deemed 'arriving' were entitled to a custody hearing before an Immigration Judge or other hearing officer." *Id*. at 9. Given that the petitioner's request for a bond hearing was denied solely because the Immigration Judge did not believe she had jurisdiction, ECF No. 1-2 at 5–6, and, as a result, she did not consider 8 U.S.C. § 1226, ordering immediate release is not the best course here. Instead, the Court will order that the petitioner be given a bond hearing and will enjoin the respondents from denying bond based on their erroneous belief that the petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF Nos. 1 and 11, is **GRANTED in part**.

It is further ORDERED that

(1) the respondents shall provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of this Order;

(2) the respondents are **ENJOINED** from denying bond to the petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

(3) the respondents shall file a status report within **five days** of the petitioner's bond hearing, stating whether she has been granted bond, and, if her request for bond was denied, the reasons for that denial.

Entered and dated this 23rd day of February, 2026, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

4